# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| STEVEN BIVINS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-CV-103-TCK-FHM |
| STANLEY GLANZ, and BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 10).

I. **Background**

On January 9, 2012, Plaintiff filed a Petition in District Court for Tulsa County against Tulsa County Sheriff Stanley Glanz ("Glanz") and the Board of County Commissioners of Tulsa County ("Board"). Plaintiff alleges that (1) Defendants discriminated against him due to his disability, in violation of the Americans with Disability Act ("ADA") ("ADA claim"); (2) Defendant Glanz, in his individual capacity, failed to remedy disability discrimination and subjected him to unlawful discipline based on his disability, in violation of 42 U.S.C. § 1983 ("1983 claim"); (3) Defendants discharged Plaintiff in retaliation for filing a workers' compensation claim, in violation of title 85, section 341 of the Oklahoma Statutes ("workers' compensation retaliation claim"); and (4) Defendants intentionally inflicted emotional distress upon Plaintiff ("IIED claim"). Defendants removed the action, asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to the federal questions presented by the ADA claim and § 1983 claim.

Plaintiff moved to remand, pursuant to 28 U.S.C. § 1445(c), based on the presence of the non-removable workers' compensation retaliation claim and this Court's decision in *Pulley v.*

*Bartlett-Collins Co.*, 2006 WL 3386909, at *3 (N.D. Okla. Nov. 21, 2006) (discussing absence of Tenth Circuit authority, considering other circuit decisions and relevant policy considerations, and concluding that remand of all claims joined with non-removable workers' compensation claim was required by § 1445(c)). Defendant argues that *Pulley* has been overruled by statute and that, under the revised statute, federal courts must sever and remand the workers' compensation retaliation claim and retain all other claims. Plaintiff did not file a reply.

### III. Analysis

Effective January 6, 2012, the federal removal statutes were amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, § 203(b), 125 Stat. 785. The amended statute provides:

> Removal of Civil Actions
> . . .
> (c) Joinder of Federal law claims and State law claims. – (1) If a civil action includes –
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.* Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added). Under the amendment, the Court has no discretion to remand federal claims that are joined with a statutorily nonremovable claim, such as a workers' compensation retaliation claim. Instead, the Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction. Therefore, this Court's decision in *Pulley* has been overruled by statute.

2

The Petition in this case was filed January 9, 2012 and is subject to the amendment. Pursuant to 28 U.S.C. § 1441(c), as amended effective January 6, 2012, the Court must (1) sever and remand the workers' compensation retaliation claim because it has been made nonremovable by statute, *see* 28 U.S.C. § 1441(c)(1)-(2); (2) retain the ADA claim and § 1983 claims because they are within the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331, *see id.*; and (3) retain the IIED claim because it forms part of the same case or controversy as the federal claims and is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a), *see id.*; *see also People's Legislature v. Miller, No.*, 12-CV-272, 2012 WL 1119239, at * 4-5 (D. Nev. Apr. 3, 2012) (severing and remanding state law claims that did not arise from same operative facts as federal claims and were therefore not within the court's supplemental jurisdiction, retaining federal claims and state law claims that did arise from same operative facts and were therefore within the court's supplemental jurisdiction).

### III. Conclusion

Plaintiff's Motion to Remand Action (Doc. 10) is GRANTED in part and DENIED in part. The motion is granted as to the workers' compensation retaliation claim, and such claim is hereby REMANDED to the District Court for Tulsa County, State of Oklahoma. The motion is denied as to the ADA claim, the § 1983 claim, and the IIED claim.

**SO ORDERED this 1st day of August, 2012.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**